## Case No. 5,342.

### GEORGETOWN v. BAKER.

[2 Cranch, C. C. 291.] [1]

Circuit Court, District of Columbia. April Term, 1822.

MUNICIPAL CORPORATIONS—AUCTIONEER'S BOND—OBLIGEE—LICENSES.

1. An auctioneer's bond given to the corporation of Georgetown. by its corporate name, is void; it should be given to the mayor only, as required by the by-law.

2. The license must be under the corporate seal.

## Case No. 5,343.

### GEORGETOWN v. BANK OF THE UNITED STATES.

[4 Cranch, C. C. 176.] [1]

Circuit Court, District of Columbia. May Term, 1831.

MUNICIPAL CORPORATIONS—SALE OF PROPERTY FOR TAXES.

Under the 10th section of the act of congress of the 26th of May, 1824 [4 Stat. 75], entitled, "An act supplementary to the act to incorporate the inhabitants of the city of Washington, passed the 15th of May, 1820 [3 Stat. 583], and for other purposes," the corporation of Georgetown, District of Columbia, in the year 1826, had a right to sell real property in that town, for corporation taxes due thereon in the years 1819, 1820, 1821, and 1822, as well as for taxes due thereon in the years 1813 to 1819 inclusive.

This cause was brought before the court, upon a case stated as follows:

"In the years 1813 to 1819, inclusive, John C. Baum was indebted to the corporation of Georgetown, for the taxes charged on lots 55 and 56, in the account A, amounting to $84.45, which taxes still remain due and unpaid, and there is no personal property of the said Baum wherewith to satisfy or pay the same. The said Baum continued to be the owner in fee of the said property till some time in the year 1826, when it was sold under a deed of trust, for the benefit of the Bank of the United States; and, at the said sale, the said bank became the purchaser, and now holds the title to the said property. In the year 1822, the corporation of Georgetown passed the ordinance hereto annexed, marked 'B,' and the said Baum, in pursuance to that ordinance, gave his notes, hereto annexed, marked 'C,' for the said taxes; which notes are due and unpaid. The amended charter of the 26th of May, 1824, hereto an-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

nexed, marked 'D,' is also made part of this statement. The liability of said bank, as owners of said property, to pay the said taxes and interest charged in the account A., to the said corporation of Georgetown, is submitted to the court. If the bank is liable, judgment for the amount of the account A, with interest and costs, to be rendered for the plaintiffs; otherwise, judgment for the defendants, with costs. James Dunlop, for Corporation of Georgetown. B. L. Lear, for Defendants."

"The ordinances of the corporation, levying taxes for the years 1813 to 1819, inclusive, are agreed to be made part of the above case. J. Dunlop, for Corporation. B. L. Lear, for Defendants."

"The Bank of the United States is also the owner of various lots in Georgetown, purchased by them since the 26th of May, 1824, upon which arrears of taxes are due to the corporation of Georgetown, accrued previous to the 26th of May, 1824, and previous to the bank's purchase, there being no personal property of the former owners to pay said taxes. And it is also submitted to the court, whether, in cases so circumstanced, the corporation of Georgetown can properly claim said arrears of taxes upon said real estate so purchased and held by the said bank, and enforce the same against the bank, as the owners thereof. J. Dunlop, for Corporation of Georgetown. B. L. Lear, for Defendants."

By the by-law, or ordinance, marked "B," and approved on the 15th of June, 1822, it was ordained that the collector be authorized and directed to receive from any persons in arrears for taxes due the corporation, prior to the year 1820, the amount of such arrears in promissory notes, payable as follows, &c.: If over $40, in six, twelve, and eighteen months, with interest; "which are understood and declared to be secured by the property which is now bound for the payment of said taxes." By the 4th section of the same ordinance, it is further ordained, "That where persons do not avail themselves of the indulgence hereby allowed, by passing their notes to the said collector within three months from this time, he be, and is hereby authorized and directed to collect the taxes due, by sale of the property, first giving the usual notice."

The following is one of the three notes given by the said John C. Baum, in pursuance of the provisions of that ordinance: "$29.28. Georgetown, 16th September, 1822. I assent to the provisions of the ordinance, entitled 'An ordinance providing for the settlement of all arrears of taxes due prior to the year 1820,' passed the 15th day of June, 1822, and six months after the date hereof, I promise to pay to the mayor, recorder, aldermen, and common council of the corporation of Georgetown, or to their order, twenty-nine dollars and twenty-eight cents, with legal interest from this date, being one third of the amount of taxes due by me, for the years 1813, 1814, 1815, 1816, 1817, 1818, and 1819. John C. Baum." By the 7th section of the act of congress of the 26th of May, 1824 (4 Stat. 75), referred to in the case agreed, as marked "D," entitled "An act supplementary to the act to incorporate the inhabitants of the city of Washington, passed the fifteenth of May, one thousand eight hundred and twenty, and for other purposes," it is enacted, "That public notice of the time and place of sale of any real property chargeable with taxes, in Georgetown or Alexandria, in all cases hereafter, shall be given once in each week," &c., "in which shall be stated the number of the lot or lots, or parts thereof intended to be sold, and the value of the assessment, and the amount of the taxes due and owing thereon." By the eighth section it is enacted, "That if, before the day of sale advertised as aforesaid, the owner," &c., "shall not pay the amount of taxes, with all costs thereon assessed, said lots or so many," &c., "shall be sold for cash," &c. "Provided, that no sale of real estate, but where the owner or tenant of the property has not sufficient personal estate out of which to enforce a collection of the debt due; and where he has personal property, it shall be lawful to collect said taxes, by distress and sale thereof." And by the tenth section it is further enacted, "That where any taxes have fallen due and yet remain unpaid, or where any real estate has been sold by the corporation of Georgetown or Alexandria, which sale, from any defect of proceeding in relation thereto, has been declared, or is considered, void, said corporation may proceed, and are hereby authorized to collect said taxes by sale of the real estate liable, agreeably to the provisions of this act in relation to other cases of collecting taxes hereafter to fall due. Provided, that where any person without notice of the outstanding taxes, has made a bona fide purchase from the legal owner of any real estate previous to the 15th day of May, 1824, said real estate, so acquired, shall not be liable for the taxes due and owing previous to said purchase."

Mr. Dunlop, for plaintiffs, relied upon the opinion of Cranch, C. J., in the case of Georgetown v. Smith [Case No. 5,347], to show that Baum, by his express assent to the ordinance of the 15th of June, 1822, and giving his notes under the provisions of that ordinance, had created an equitable lien upon the lots, which a court of equity might enforce, and that the bank purchased the property with knowledge of the lien, and therefore was bound in equity to pay the taxes for which those notes were given. Besides which he contended that the corporation had a right, under the tenth section of the act of May 26, 1824, to sell the lots upon which taxes had then fallen due and yet remained unpaid, in the same manner as they might sell for taxes thereafter to become due. That the word "liable" in that section means

no more than chargeable, or assessable. The corporation, by that section, is "authorized to collect said taxes," (that is, the taxes already fallen due and then remaining unpaid,) "by sale of the real estate liable," that is, the real estate upon which the taxes had been assessed; so that if the corporation had not a previous right to sell the real estate for its taxes, it is given by this section. But he contended that they had a previous right under their previous charters and amendments, to sell the real property for its taxes; and referred to the original charter of December 25, 1789, c. 23, § 7 (Davis' Laws Columbia, p. 480); Amended Charter by Act Cong. March 3, 1805 (2 Stat. 332; Davis' Laws. 168. 172); 6 Bac. Abr. tit. "Statute," B, pp. 369, 380; Dugan v. Mayor, etc., of Baltimore, 1 Gill & J. 500.

Mr. Lear, contra. The giving of the notes by J. C. Baum, created no lien on the lots unless they were bound before; for the ordinance says that the notes are to be secured by the property now bound for the payment of the taxes. It is not necessary that the personal property of the owner or tenant should be found on the lots, before it can be seized and sold for the taxes. It may be distrained wherever it may be found. The case stated does not say that there was not personal property of the owner or tenant at any time on the premises, sufficient to pay the taxes, but only that "there is no personal property of the said Baum wherewith to satisfy and pay the same." If there has been sufficient personal property of Baum or his tenant on the premises at any time since the taxes became payable, there can be no right to sell the real. No real property can be sold for taxes under the tenth section of the act of the 26th of May, 1824, but such as was already "liable," that is, liable to be sold. That section does not make real property liable to be sold for taxes, which was not liable before. It only provides that it shall not be liable in the possession of a bona fide purchaser without notice, if purchased before the 15th of May, 1824; from which it is supposed that an inference may be drawn that, after that day, the property shall be liable whether the purchase was with or without notice; but the legislature only meant to authorize the sale of property already liable. The first and regular mode of collecting the taxes is distress and sale of the personal property. The sale of the real is only the ultimate remedy. The corporation ought to have used due diligence to get the taxes out of the personal property. They had no power to make the real property liable to sale. It is not a necessary power, and cannot be assumed unless expressly given by their charter, or the authority of congress. The amended charter of March 3, 1809, only confirms the powers which they had previously enjoyed. A tax upon a slave, or a carriage, gives no lien on the carriage or slave; why should a tax on land create a lien on the land?

Mr. Dunlop, in reply. The purchaser is bound to know what taxes were due upon the property when he purchased. The burden of proof is not on the corporation to show that there was not personal property on the real. It is sufficient if there was not personal property liable to seizure and sale at the time of the sale of the real. The corporation does not lose its remedy upon the real estate by the neglect of the collector to take the personal. The power to raise and collect taxes, given to the corporation by its original charter of 1789, implies all the powers necessary for that purpose; and gives, at least, all the powers which the state of Maryland then had in relation to that subject. The statement admits that there was no personal property of the owner or tenant. The bank is in no better condition than Baum would be if the property were not transferred to the bank. The practice, from 1802, has been to sell the real estate for its taxes.

THE COURT (CRANCH, Chief Judge, doubting, and THRUSTON, Circuit Judge, not giving an opinion as he had not heard the whole argument) was of the opinion, that the corporation of Georgetown had, under the tenth section of the act of the 26th of May, 1824 [supra], a right to sell land in Georgetown for corporation taxes due and unpaid at that date as well as for those subsequently becoming due.